**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: INFANTS BORN OPIOID-DEPENDENT          MDL-2872
PRODUCTS LIABILITY LITIGATION

> *Moore v. Purdue LLC*, et al.
> S.D. WV., C.A. 2:18-cv-01231
>
> *Rees v. McKesson Corporation, et al.*
> S.D. IL, C.A. #18-00511; MDL Case #1:18-OP-45252;
>
> *Wood v. Purdue Pharma L.P., et al.*
> E.D. MO, C.A. #18-00385; MDL Case #1:18-OP-45264;
>
> *Salmons v. Purdue Pharma L.P., et al.*
> S.D. WV, C.A. #18-00385; MDL Case #1:18-OP-45268;
>
> *Ambrosio v. Purdue Pharma L.P., et al.*
> C.D. CA, C.A. #18-02201; MDL Case #1:18-OP-45375;
>
> *Flanagan v. Purdue Pharma L.P., et al.*
> W.D. TN, C.A. #18-02194; MDL Case #1:18-OP-45405;
>
> *Hunt v. Purdue Pharma L.P., et al.*
> D. MD, C.A. #18-01349; MDL Case No. #1:18-OP-45681

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR TRANSFER OF ACTIONS PURSUANT TO 28 U.S.C.
§1407 FOR COORIDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to Rule 6.3 of the Rule of Procedures of the United States Judicial Panel on Multidistrict Litigation, the March of Dimes, by and through its undersigned counsel, Jonathan M. Shapiro, hereby moves this court for leave to file the attached *Amicus Curiae* brief in support of Plaintiffs, Children Born Opioid Dependent. In support of this motion, *Amici* hereby state:

**INTEREST OF MOVANTS**

For over 80 years, March of Dimes has worked to prevent birth defects, premature birth and infant mortality and has fought for the health of all mothers and babies regardless of their

socio-economic background or demographics. Through charitable work, March of Dimes has helped millions of babies survive and thrive and pioneers research to find solutions to the biggest health threats to mothers and babies. The March of Dimes continues to lead the fight to ensure that all babies are born healthy with the best possible start.

Given its long history of fighting for the health of babies everywhere, the March of Dimes believes it offers a unique perspective to this Court concerning the issues and challenges faced by babies born with neonatal abstinence syndrome ("NAS"). Babies born with NAS face unique, long-term challenges compared to the harm suffered by others battling the opioid epidemic. Due to these unique challenges, the March of Dimes believes that these babies need specific relief to ensure that these babies receive the best possible start to their lives, and the necessary treatment they will require to battle the long-term effects of NAS.

## ARGUMENT

The Latin phrase Amicus Curiae translates literally from old Latin as "friend of the court". *Leigh v. Engle,* 535 F.Supp. 418 (N.D. Illinois, Eastern Division 1982). It has been used to describe a party outside of the present litigation who, for the benefit and assistance of the court, informs it on some matter of law in regard to which the judge is doubtful or mistaken. See *Id.*, 535 F.Supp. at 419 and *Miller-Wohl., Inc. v. Commissioner of Labor and Industry State of Mont.* 694 F.2d 203 (9th Cir. 1982). Courts have generally welcomed such aid because "it is for the honor of a court of justice to avoid error." *Leigh v. Engle,* 535 F.Supp. at 420.

An amicus curiae is an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another. *Id.* Amici supplement the efforts of counsel, and draw the Court's attention to important

issues of law that may have otherwise escaped consideration. *Miller-Wohl*, 694 F.2d at 203. Courts have discretion whether to allow the filing of Amicus briefs based on the information being deemed timely, useful, or otherwise helpful to the court. An amicus brief "must be a friend of the court and not a friend of a party to the cause." *Leigh v. Engle,* 535 F.Supp. at 420.

Given its long history in advocating for the health of babies, the March of Dimes believes it has a unique, objective perspective to offer this Court concerning the impact opioids have on babies. The Amicus brief expresses the March of Dimes' position that babies born afflicted with NAS, through no action of their own, need their own voice in this on-going litigation that impacts their interests. These babies need specific relief to battle the long-term harm caused by their exposure to opioids. The March of Dimes is not a party to this litigation, and, for the benefit of this Court, the filing of its Amicus Brief is appropriate. Accordingly, the March of Dimes respectfully requests that the Court grant its motion.

Respectfully submitted,

Dated: November 29, 2018

By: /s/ Jonathan M. Shapiro
Jonathan M. Shapiro (ct24075)
Shapiro Law Offices, LLC
32 Washington Street
Middletown, Connecticut 06457
Email: jshapiro@shapirolawofficesct.com
*t* (860) 347-3325 | *f* (860) 347-3874

*Attorneys for the March of Dimes*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the date set forth below a copy of the foregoing was served by CMECF and/or mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                      /s/ Jonathan M. Shapiro
                      Jonathan M. Shapiro